IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,108-01




EX PARTE GILBERT ANDREW RUBIO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W380-80501-06-HC IN THE 380TH DISTRICT COURT
FROM COLLIN COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to thirty-five years’ imprisonment. The conviction and sentence were affirmed
on direct appeal. Rubio v. State, No. 05-07-00161-CR (Tex. App.—Dallas Apr. 7, 2008). 
            Applicant had negotiated a plea agreement through his first lawyer for fifteen years in prison
to run concurrently with any federal sentences that would be imposed. It was later determined that
the concurrent-sentences portion of the plea agreement could not be enforced, so a motion for new
trial was granted. Applicant was appointed a second lawyer. He did not plead guilty again but
proceeded to trial. A jury found him guilty and assessed a thirty-five year sentence. It appears from
the habeas record that any federal sentence imposed on Applicant would run consecutively to the
thirty-five year state sentence.
            Applicant claims his first counsel told him that “he had to file a Motion for New Trial to
withdraw his plea bargain agreement in order to hold the State to its promise that his 15-year State
sentence would run concurrently with his previously imposed 120 month Federal Prison sentence
..., and that his 15-year State sentence will run as he resume’s [sic] serving his 120 month federal
prison sentence at the Federal Bureau of Prisons.” This did not occur, and there is no information
in the habeas record regarding what advice first counsel did give Applicant regarding the plea
agreement and a motion for new trial and whether first counsel informed Applicant of any negative
consequences that could result if a new trial were granted. There is also no information in the habeas
record concerning whether second counsel attempted to revive the original fifteen-year-concurrent-sentences plea agreement in a manner in which it could have been enforced or otherwise attempted
to negotiate a plea agreement.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
            The trial court shall order both first and second trial counsel to provide information regarding
the fifteen-year plea agreement, including information that addresses the issues discussed above, and
to detail their respective representations of and advice to Applicant in plea negotiations. The trial
court shall then make findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of this claim for habeas corpus relief.
            To obtain the information, the trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            Applicant also raises additional claims of ineffective assistance regarding counsel’s
representation at trial and claims of trial court error. A review of these claims and the habeas record
shows that they lack merit or are procedurally barred.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: April 9, 2014
Do not publish